## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**DEANDRE HOPSON**                                                    **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:12-CV-706-R**

**BENNY BERRY et al.**                                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Deandre Hopson, filed a *pro se*, *in forma pauperis* complaint and amended

complaint.[1]  This matter is now before the Court for screening pursuant to 28 U.S.C.

§ 1915(e)(2) and *McGore v. Wrigglesworth*, 14 F.3d 601 (6th Cir. 1997).  For the reasons set

forth below, the action will be dismissed.

**AMENDED COMPLAINT**

On the same day Plaintiff filed his complaint, he also filed his amended complaint

(DN 4).  Although captioned "DeAndre Hopson v. Commonwealth of Ky etc. John Heyburn,

Charles Simpson, Russell Thomas" and labeled "Amended Complaint Civil 1964," it states *in*

*toto*:  "I DeAndre Hopson is being discrimantated against by federal judges Heyburn, Simpson,

Thomas to rule against me cause my race, we have a direct conflict of interest cause of other

cases pending also before cases I filed please see to it we use a different judge selection draw to

appoint these new judge assigned to my case."

Under 28 U.S.C. § 455(b)(5)(i), a judge shall disqualify himself if he is a party to the

proceeding.  In limited circumstances, however, judges have refused to disqualify themselves

---

[1] The Court notes that this is the fifth lawsuit Plaintiff has filed in this Court since
May 21, 2012, and that he has filed eight more cases in the less than two months since filing this
case.  Many of his cases contain overlapping Defendants and many, like this one, are rooted in
state-court criminal cases pending against him.

when a party seeks to add them as a party to a pending proceeding.  *See United States v. Walls*, No. 92-CR-80236-DT, 2006 WL 1284556, at *2 n.2 (E.D. Mich. May 9, 2006).  "A judge who is named as a defendant in a plaintiff's amended complaint is not required to disqualify himself or herself under 28 U.S.C. § 455(b)(5)(i) unless there is a legitimate basis for suing the judge."  32 Am. Jur. 2d Federal Courts § 95; *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988) (judge refused to disqualify himself under § 455(b)(5)(i) where he was named as a party in second amended complaint after he dismissed original complaint).  "For a judge to be disqualified simply because the plaintiff has sued that judge would be to allow the plaintiff to manipulate the identity of the decision-maker and thus to engage in judge-shopping."  32 Am. Jur. 2d Federal Courts § 95; *Rodriguez ex rel. Rodriguez-Hazbun v. Nat'l Ctr. for Missing & Exploited Children*, No. 03-120, 2005 WL 736526, at *2 (D.D.C. Mar. 31, 2005) ("Because plaintiffs' motion and amended complaint are merely a transparent attempt at judge-shopping and forum-shopping, the motion to disqualify will be denied and the amended complaint will be stricken in its entirety.").

The Court concludes that there is no legitimate basis for Plaintiff to sue the undersigned. The Court is convinced that Plaintiff is trying to manipulate the system in order to get a new judge.  Moreover, since the only relief Plaintiff seeks is to have a different judge assigned to his case because he "is being discriminated against," the Court interprets this "amended complaint" to be a motion to recuse.  Both 28 U.S.C. § 144[2] and § 455(b)(1) require a judge to disqualify

---

[2]Under § 144, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned . . . ."  28 U.S.C. § 144.  Plaintiff has not submitted an affidavit in support of his motion.

himself from hearing a case where he has a personal prejudice or bias concerning a party.  As used in both statutes, the phrase "personal prejudice or bias" is interpreted as having the same meaning.  *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985).  To demonstrate bias or prejudice, the party seeking recusal must set out specific facts demonstrating a personal bias that stems from an extrajudicial source.  *See Alexander v. Chicago Park Dist.*, 773 F.2d 850, 856 (7th Cir. 1985).

Motions for recusal are committed to the sound discretion of the district court deciding the motion.  *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003).  Further, it is proper for the challenged judge to rule on the motion for recusal.  *See Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988).

The Court is thoroughly convinced that there is no valid basis for recusal of the undersigned judge under either 28 U.S.C. § 144 or § 455.  Although Plaintiff conclusorily states that the undersigned (and the two other named judges of this Court ) have ruled against him because of his race, he sets out no *specific* facts demonstrating a personal bias stemming from an extrajudicial source; his only complaints concern adverse rulings against him.  Plaintiff's amended complaint, which the Court construes to be a motion to recuse (DN 4), is **DENIED.**

## I. SUMMARY OF CLAIMS

In his original complaint, Plaintiff sues multiple Defendants:  Benny Berry; Benny Lightsey; Charles Hadgan; Judge Collins; Commonwealth of Kentucky Department of Corrections; Domestic Violence Unit of Kentucky; the Kentucky Attorney General; Ruth Spencer; and Sam Auguair.  The title of his complaint states that it is a "Civil Rights 1964 Discrimination Complaint[]."  He alleges that Defendants are taking advantage of his "disability

3

far as I'm injured from assault."  He alleges that the Commonwealth of Kentucky has stripped

him of equal protection and other civil rights apparently by obstruction of justice by judges and

detectives and "federal intimidation to help Defendants" in court proceedings charging him with

"false crimes."  He alleges that Sam Auguair took his hospital records and settled claims; that

Ruth Spencer forged the signature of the claim; that Charles Hadgan and Judge Collins stripped

him of his right to change his plea; that the Kentucky Justice Department has obstructed justice

using county clerks and judges to railroad him; and that the Domestic Violence Unit will not

enforce the law of protecting him from Ruth Spencer.  He also alleges that Benny Berry

"targeted" Ruth Spencer "and intimidated her to cash in on lawsuit wit[h] Kentucky Farm

Bureau and get me locked up to hide there extortion from Kentucky Farm Bureau Insurance

Fraud."  He seeks monetary damages for "infliction of extreme emotional disturbance of suit"

release of all state charges; attorney's fees; and to enforce the domestic violence law.

## II. <u>ANALYSIS</u>

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v.*

*Wrigglesworth*, 114 F.3d at 608-09.  Upon review, this court must dismiss a case at any time if

the Court determines that the action is "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis

either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff

has stated a claim upon which relief can be granted, the Court must construe the complaint in a

4

light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Civil Rights Act of 1964

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction."  *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005).  Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Here, Plaintiff cites to the Civil Rights Act (CRA) of 1964, a federal statute which does confer jurisdiction on this Court to hear certain types of claims.  However, none of Plaintiff's allegations fall within the parameters of that Act.

The CRA guarantees equal voting rights by removing registration requirements and procedures biased against minorities, 42 U.S.C. § 1971(e); prohibits segregation or discrimination in places of public accommodation involved in interstate commerce, 42 U.S.C. § 2000a; deals with the desegregation of public schools, 42 U.S.C. § 2000c *et seq.*; mandates nondiscrimination in the distribution of funds under federally assisted programs, 42 U.S.C

§ 2000d; and bans discrimination by trade unions, schools, or employers involved in interstate commerce or doing business with the federal government, 42 U.S.C. § 2000e *et seq.* None of these titles of the Act appear to have any bearing on the allegations in Plaintiff's complaint. Thus, the complaint fails to state a claim against any Defendants under this Act.

***Claims against agencies of the Commonwealth of Kentucky***

Among the named Defendants are the Kentucky Department of Corrections, the Domestic Violence Unit of Kentucky, and the Kentucky Attorney General. The Eleventh Amendment specifically prohibits federal courts from entertaining suits brought directly against state agencies like these. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (internal quotation marks and citation omitted)); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Id.* (quoting *Seminole Tribe of Fla. v.*

*Florida*, 517 U.S. 44, 54 (1996)).

There are essentially three exceptions to the rule cited above:  (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations.  *See Barton,* 293 F.3d at 948.  None of these exceptions exist in this case.  Therefore, all of Plaintiff's claims against the Kentucky agencies fail because they are immune from relief.

### Claim against state-court judge

Plaintiff's complaint also names as a Defendant state-court Judge Collins.  He alleges that Judge Collins stripped him of his "civil right to change plea, I was totaled trick to plea to have me arrested and locked up for im my circuit cases, used to make me take pleas on other courts cases pending falsely on me."  A judge performing judicial functions is absolutely immune from suit seeking monetary damages.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam).  Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith.  *Id.* at 11.  Because Plaintiff complains only about conduct that comprises the very core of Judge Collin's official duties, the Court concludes that absolute judicial immunity bars the claims for monetary damages against this Defendant.  *See Mireles*, 502 U.S. at 9.

### Abstention

Moreover, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury."  *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  "*Younger* abstention in civil cases requires the satisfaction of three

7

elements.  Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Many of Plaintiff's allegations stem from a pending state-court criminal case or cases against him.  The Commonwealth of Kentucky has an important interest in adjudicating that case or cases.  In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state-court proceeding.  While federal court relief might be a possibility in the future should state-court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time.  Where *Younger* abstention is appropriate, it requires dismissal of those claims.  *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986).

### Remaining Claims

Plaintiff also appears to request relief under state law for "infliction of extreme emotional disturbance."  Jurisdiction for Plaintiff's complaint cannot be premised on state law without satisfying the supplemental jurisdiction statute, 28 U.S.C. § 1367, or the diversity statute, 28 U.S.C. § 1332(a).  However, having dismissed the CRA claims, this Court has no supplemental jurisdiction over Plaintiff's state-law claims.  *See* 28 U.S.C. § 1367.  Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1).  "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co.*

8

*v. Kroger*, 437 U.S. 365, 373 (1978).  Plaintiff's complaint establishes that he is a citizen of Kentucky.  Although Plaintiff requests over $75,000 in damages for infliction of extreme emotional disturbance, a state-law claim, Plaintiff does not demonstrate that all Defendants are citizens of a State other than Kentucky, and, in fact it appears that all Defendants are citizens of Kentucky.  Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's complaint for failure to state a claim.

Date:

cc:      Plaintiff, *pro se*
         Defendants
4413.009

9